UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAMIS CHANDE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2025 |
| | § | |
| JOHN KELLY, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Petitioner Hamis Chande is a detainee in the custody of the United States Immigration and Customs Enforcement ("ICE"). Chande filed a petition for a writ of habeas corpus challenging his detention. Respondents filed a motion to dismiss the petition, petitioner responded, and respondents replied. Having considered the record, the relevant law, and the arguments of the parties, the Court concludes that the respondents' motion should be granted and the petition should be dismissed.

**I.     Background**

The following facts are not in dispute. Petitioner is a native and citizen of Tanzania. He arrived in the United States on a student visa on December 30, 1999. In January 2001, the government determined that Chande was no longer enrolled in college. On March 6, 2006, he was charged as deportable under section 212(a)(6)(A)(I) of the Immigration and Nationality Act, and was issued a Notice to Appear before an immigration judge ("IJ").

On May 25, 2006, an IJ issued an order of removal against Chande. On July 19, 2006, the Board of Immigration Appeals ("BIA") denied Chande's appeal of the removal decision. On August 9, 2008, Chande was granted supervised release.

On March 1, 2011, Chande was issued a final order of removal. On November 30, 2011, a warrant of removal/deportation was issued.

On November 10, 2011, while on supervised release, Chande was indicted on a Texas state charge of possession of a controlled substance, cocaine, with intent to deliver. On November 8, 2012, he was sentenced to 15 years imprisonment.

Chande was released from the Texas Department of Criminal Justice and transferred to ICE custody on December 5, 2016. He was notified that he was found deportable and ordered removable based on his felony conviction and failure to maintain status.

On March 1, 2017, Chande was issued a Decision to Continue Detention, informing him of ICE's decision to keep him in custody because of his criminal history and limited ties to the community, and because the government considered him a threat to public safety and a flight risk. Chande subsequently filed a motion to reconsider and reopen his removal. An IJ denied his motion on May 22, 2017. On May 23, 2017, Chande appealed the IJ's decision.

On June 30, 2017, Chande filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. On September 29, 2017, the government moved to dismiss the petition under Rules 12(b)(1) and (6) of the Federal Rules of Civil procedure. On October 20, 2017, the BIA denied and dismissed Chande's appeal of the IJ decision.

**II.   Standard of Review**

Respondents argue that the petition is subject to dismissal under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Rule 12(b)(1) provides for dismissal, in relevant part, when the court lacks subject matter jurisdiction. Rule 12(b)(6) provides for dismissal when the petitioner fails to state a claim upon which relief can be granted.

A. Rule 12(b)(1)

It is beyond dispute that

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1868).

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998). The petitioner bears the burden of proving by a preponderance of the evidence that this Court has jurisdiction to hear his claims. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

B. Rule 12(b)(6)

In reviewing a motion to dismiss under rule 12(b)(6), the petition must be liberally construed in favor of the plaintiff, and all facts pleaded in the petition must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the [petitioner] and with every doubt resolved in his behalf, the [petition] states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

III. Analysis

In a habeas corpus petition that is dated June 26, 2017, Chande contends that he is entitled to immediate release under 28 U.S.C. § 2241 because he has been in custody for more than six months and his removal is not imminently foreseeable. In support, Chande relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which requires an immigration detainee's release under certain circumstances, after the expiration of a presumptively reasonable six-month period of

detention, where there is no prospect of removal in the foreseeable future. Chande's reliance on *Zadvydas* is unavailing.

In *Zadvydas*, 533 U.S. at 701, the Supreme Court held that the Constitution does not permit indefinite detention lasting beyond six months past the 90-day removal period found in 8 U.S.C. § 1231(a). Under this statute, the Attorney General has 90 days to effect an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). The 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The removal period may be extended if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal, and his continued detention is authorized during this time. 8 U.S.C. § 1231(a)(1)(C); *see Balogun v. INS*, 9 F.3d 347, 351 (5th Cir. 1993).

Based on the facts provided by Chande and the respondents, the removal period did not begin to run until October 20, 2017, when his removal order became administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(I). Thus, the 90-day removal period expired on January 18, 2018. Because Chande has not been in custody for more than six months past the expiration of the 90-day removal period, his petition does not state a claim for relief. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (finding that the six-month period must have expired at the time the § 2241 petition was filed in order to state a claim under *Zadvydas*); *Okpuju v. Ridge*,

115 F. App'x 302, 2004 WL 2943629 (5th Cir. 2004) (noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in *Zadvydas*). Accordingly, the petition must be dismissed without prejudice as premature.

**IV.     Order**

For the foregoing reasons, it is ORDERED that:

1.      Respondents' motion to dismiss (Doc. # 11) is GRANTED;

2.      The petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITHOUT PREJUDICE; and

3.      All other pending motions are DENIED AS MOOT.

It is so ORDERED.

SIGNED on this 10th day of May, 2018.

_____
Kenneth M. Hoyt
United States District Judge